## King v. Travelers Insurance Company

*Samuel S. Pangburn,* for plaintiff.
*H. Gilmore Schmidt,* for defendant.

GLADDEN, J., September 5, 1972.—Argument was heard by a court en banc on plaintiff's exceptions to the granting of summary judgment: Rule of Civil Procedure 1035.

This action was initiated by a complaint in assumpsit filed on January 27, 1969. The allegations in the pleadings set forth the following facts. Before May 1, 1967, plaintiff was an employe of Addressograph-Multigraph Corporation (hereinafter A-M Corp.), and as an employe, plaintiff was covered under a group insurance policy written by defendant corporation which policy provided, inter alia, certain medical and hospitalization benefits. Plaintiff alleges that on or about May 1, 1967, his wife became pregnant and later gave birth to their child on January 24, 1968. We learn from defendant's answer that plaintiff terminiated his employment with the A-M Corp. on June 16, 1967, and was not employed by A-M Corp. after that date. In addition, defendant by way of answer sets forth that the group policy covering A-M Corp.'s employes was terminated on August 1, 1967. Plaintiff claims that the medical expenses incurred by him for his wife's con-

finement in the amount of $313.88 are the obligation of defendant under the terms of the group policy. Defendant denies coverage.

On May 19, 1969, defendant filed a motion for summary judgment and after a hearing before Gladden, J., the motion was granted. From that order exceptions were filed by plaintiff.

Plaintiff has attached to his complaint a copy of the insurance policy. The pertinent provisions of the policy are:

"PART PB SECTION A:

"If a married female Employee who is insured under the group policy or an insured male employee's wife shall be confined as a resident in-patient in a hospital on account of pregnancy, childbirth or miscarriage, and such confinement shall begin

"(a) while such person is covered under this Part, or

"(b) after the date such person ceases to be covered under this Part, provided such confinement results from pregnancy existing at such date, as evidenced by a written statement of the attending physician, and provided further that this Part is continued in full force and effect."

From the language of this section we can easily understand that a female employe who becomes pregnant and who ceases her employment because of her condition as certified by a physician is entitled to the benefits of the policy. This section also applies to wives of male employes. In these situations, the language is clear. The question arises, however, as to what benefits, if any, extend to a former employe who more than six months before his wife's confinement voluntarily terminated his employment, took no action to continue the benefits under the policy, and gave no notice to defendant or to A-M Corp. of his wife's condition.

A perusal of the policy itself is helpful in arriving at what we regard as an inevitable, although not wholly satisfactory, conclusion. On page one of the policy, we note that defendant furnished a certificate of insurance covering employes of A-M Corp. (employer). Specifically set forth in exhibit "A," attached to the complaint, is the name of plaintiff and his address. Under plaintiff's name there appears the following language:

"This individual Certificate is furnished in accordance with and subject to the terms of said group policy and is merely evidence of insurance provided under said group policy which insurance is effective only if the Employee is eligible for insurance and becomes and continues insured in accordance with the terms, provisions and conditions of said policy."

It is established, therefore, that the insurance benefits extended by this policy become effective only if the employe *continues insured* in accordance with the terms and conditions of said policy.

With this provision in mind, we must consider the effect of plaintiff's voluntary termination of his employment with A-M Corp. with respect to this policy which covered "employees" of A-M Corp. or those who "continue insured."

Page (6) of the policy is devoted to the subject of termination. We regard the language to be clear and unambiguous. Pertinent sections which are applicable to this situation are as follows:

"Section 1. ALL INSURANCE:—

"The insurance of any Employee covered under the group policy shall terminate automatically at the earliest time specified below:

"(1) Upon discontinuance of the group policy as described therein.
" . . .

"(3) On the last day of the insurance month during which such Employee's employment with the Employer in the classes of Employee's eligible for insurance under the group policy shall terminate. Discontinuance of active work by an Employee shall be deemed to constitute the termination of his employment except that . . .

" . . .

"In the case of any exceptions in Paragraph (3) above, the insurance under the group policy on such Employee shall automatically cease on the date of such termination of his employment by the Employer, as evidenced to the Company by the Employer, whether by notification or by cessation of premium payment on account of such Employee's insurance thereunder.

"Section 2. INSURANCE WITH RESPECT TO DEPENDENTS ONLY:—

"(1) The group policy provides that each Employee's insurance with respect to his Dependents shall terminate prior to termination of all his insurance thereunder at the earliest time specified below:

" . . .

"(b) On the last day of the insurance month during which the Employee shall cease to be included in the classes of Employees eligible for insurance with respect to Dependents.

## "PRIVILEGE OF OBTAINING INDIVIDUAL INSURANCE

"The group policy contains a provision under which and individual policy may be obtained without further evidence of insurability upon termination of insurance under the group policy.

"(a) due to termination of the Employee's employment in the classes eligible for insurance thereunder,

or . . . provided the applicant qualifies, makes application and pays the premium for such individual policy within thirty-one days after such termination of insurance.

"Information as to the coverage available and premium rates can be obtained from the Employer or the Home Office of The Travelers Insurance Company when insurance terminates."

The policy provisions set out hereinabove are a part of the record and must be considered in determining if a motion for summary judgment should be allowed.

Plaintiff argues that no notice was given to him by defendant cancelling the group policy effective August 1, 1967. He states that this is a question of fact, the determination of which precludes the allowance of summary judgment. We disagree. This is not a question of fact that is in issue as it is conceded that no notice of the policy's cancellation was given to plaintiff. In any event, it is not the cancellation or termination effective August 1, 1967, that is crucial. The controlling termination date is June 16, 1967, when plaintiff ceased his employment with A-M Corp. Since he was no longer an employe, since no further premiums were paid by him or on his behalf, and since he did nothing to continue his coverage as provided for in the policy he no longer "continues insured" under the policy, therefore, the matter is properly before us for consideration.

Since there is no unresolved material issue of fact and since the conduct of the parties and the terms of the contract are clear we will abide by the decision heretofore reached. Clearly, plaintiff failed to exercise the options available to him when he terminated his employment. After June 16, 1967, he was no longer an employe and he did nothing at that time to continue his coverage. It is unfortunate that this claim was not honored and this litigation thereby avoided,

but there appears to be technical justification for defendant's hard position. If nothing more, plaintiff's heir has been afforded an early lesson in the grim realities of life.

We, therefore, enter the following

ORDER

And now, September 5, 1972, the exceptions filed by plaintiff are dismissed and the order allowing summary judgment is affirmed.